UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY PARKS,

       Plaintiff,

v.                                        Case No. 08-13944
                                        Honorable Patrick J. Duggan

ANDRE AGRUDA,

       Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 4, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On September 12, 2008, Plaintiff Larry Parks ("Plaintiff") filed this action claiming that, while incarcerated at the Gus Harrison Correctional Facility, Defendant Andre Agruda ("Defendant") violated his rights under the Eighth and Fourteenth Amendment. On January 16, 2009, Defendant filed a motion for summary judgment. Plaintiff filed a response on February 25, 2009. This Court referred Defendant's motion to Magistrate Judge Donald A. Scheer for a report and recommendation.

On March 18, 2009, Magistrate Judge Scheer issued his Report and Recommendation (R&R) in which he recommends that this Court grant Defendant's summary judgment motion. In his R&R, Magistrate Judge Scheer concludes that Plaintiff fails to establish any violations of his federally secured constitutional rights. With respect

to Plaintiff's Eighth Amendment claim, specifically, Magistrate Judge Scheer finds no evidence that Defendant was aware of a medical detail limiting Plaintiff from lifting more than ten pounds. Magistrate Judge Scheer therefore concludes that Plaintiff fails to show that Defendant acted with deliberate indifference to a substantial risk of serious harm to Plaintiff when Defendant ordered him, while working in the food service area, to lift a vat of liquid weighing more than ten pounds.

At the conclusion of the R&R, Magistrate Judge Scheer informs the parties that they must file any objections to the R&R within ten days. (R&R at 4.) Plaintiff filed objections on April 1, 2009. In his objections, Plaintiff contends that the magistrate judge erred in concluding that Defendant was not informed of the medical restrictions limiting Plaintiff from lifting more than ten pounds. Plaintiff asserts that he alleged in his complaint that Defendant was aware of his medical limitations.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted).

To establish an Eighth Amendment violation, a plaintiff must satisfy an objective and subjective test. For the objective test, the plaintiff must show that the alleged deprivation was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1944). The subjective component requires the plaintiff to show that the defendant had "a sufficiently culpable state of mind in denying [the plaintiff] medical

care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 834, 114 S. Ct at 1977).

In support of his motion for summary judgment, Defendant attests that he was not aware of Plaintiff's medical restrictions either from Plaintiff or otherwise. (Def.'s Mot. Ex. 6 ¶ 4.) Defendant therefore argues that, even if he ordered Plaintiff to carry the vat of liquid,[1] Plaintiff cannot show that he did so with deliberate indifference to any risk of serious harm to Plaintiff. As Magistrate Judge Scheer correctly found, Plaintiff presents no evidence to create a genuine issue of material fact with respect to Defendant's knowledge of Plaintiff's medical restrictions. Plaintiff only alleges in his complaint that, when he ordered Plaintiff to lift and empty the vat of liquid, Defendant knew "*or* should have . . . known" about the medical limitations imposed on Plaintiff. (Compl. ¶ 18.) In other words, Plaintiff does not allege that Defendant in fact knew at the time about those restrictions. While Plaintiff further alleges in paragraph twenty-two of his complaint that he gave Defendant the medical detail, this occurred *after* his alleged injury. (*Id.* ¶ 22.)

Even if Defendant was aware of the medical detail restricting Plaintiff from lifting more than ten pounds, this Court finds that Plaintiff presents no evidence to suggest that Defendant knew of and disregarded an excessive risk of harm to Plaintiff when he nevertheless ordered Plaintiff to lift and empty the vat of liquid. In other words, Plaintiff

---

[1] In his affidavit, Defendant also states that he does not "recall" ordering Plaintiff to lift and empty a vat of liquid. (Def.'s Mot. Ex. 6 ¶ 3.) As Defendant does not deny issuing the order and Plaintiff contends that he did, the Court will assume for purposes of deciding Defendant's motion that Defendant did issue the order.

offers no evidence suggesting that Defendant was aware of facts from which he could infer that lifting the vat posed a substantial risk of serious harm to Plaintiff.  *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979) ("[A] plaintiff must establish that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'")

Therefore, the Court rejects Plaintiff's objections and agrees with Magistrate Judge Scheer that Defendant is entitled to summary judgment with respect to Plaintiff's Eighth Amendment deliberate indifference claim.  Plaintiff fails to object to the remaining recommendations in Magistrate Judge Scheer's R&R.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

<div style="text-align:right;">s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE</div>

Copies to:
Larry Parks, #116705
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI   49221

Scott R. Rothermel, Esq.

Magistrate Judge Donald A. Scheer